**No. 24-13385-AA**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

SOUTHEAST DEVELOPMENT PARTNERS, LLC,
and SOUTHEAST LAND VENTURES, LLC,
Plaintiffs-Appellants,

v.

ST. JOHNS COUNTY, FLORIDA,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida
No. 3:23-cv-00846-CRK-PDB

---

**APPELLEE ST. JOHNS COUNTY, FLORIDA'S**
**MOTION TO DISMISS APPEAL FOR LACK OF JUSTICIABILITY**

---

GREGORY T. STEWART
Florida Bar No. 203718
MATTHEW R. SHAUD
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
gstewart@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com
**ATTORNEYS FOR APPELLEE ST. JOHNS COUNTY, FLORIDA**

No. 24-13385-AA
Southeast Development Partners, LLC, *et al.* v. St. Johns County, Florida

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

11th Cir. R. 26.1-1 Certification: Appellee, ST. JOHNS COUNTY, FLORIDA, identifies the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of a party's stock, and other identifiable legal entities related to a party:

Barksdale, Patricia D. (United States Magistrate Judge)

Boileau, Alain E. (Counsel for Defendant/Counter-Plaintiff)

Burhans, Glenn, Jr. (Counsel for Plaintiffs/Counter-Defendants/Appellants)

Cremer, Jacob T. (Counsel for Plaintiffs/Counter-Defendants/Appellants)

Day Late Enterprises, Inc. (Counter-Defendant)

Godelia, Vinette (Counsel for Southeast Development Partners, LLC)

Ellis, Elizabeth Desloge (Counsel for Plaintiffs/Counter-Defendants/Appellants)

Harris, Marc (Principal of Appellants Southeast Development Partners, LLC and Southeast Land Ventures, LLC)

Howard, Marcia Morales (United States District Judge)

Hyatt, Keith (Principal of Appellants Southeast Development Partners, LLC and Southeast Land Ventures, LLC)

Kelly, Claire R. (United States Court of International Trade Judge)

Murphy, Hannah Eleanor (Counsel for Plaintiffs/Counter-Defendants/Appellants)

Neugebauer, Nicole A. (Counsel for Plaintiffs/Counter-Defendants/Appellants)

Schrader, Carly J. (Counsel for Defendant/Counter-Plaintiff)

Shaud, Matthew R. (Counsel for Defendant/Counter-Plaintiff/Appellee)

Smith, Dennis (Principal for Counter-Defendant Day Late Enterprises, Inc.)

Smith, Julia (Principal for Counter-Defendant Day Late Enterprises, Inc.)

Southeast Development Partners, LLC (Plaintiff/Counter-Defendant/Appellant)

Southeast Land Ventures, LLC (Plaintiff/Counter-Defendant/Appellant)

St. Johns County, Florida (Defendant/Counter-Plaintiff/Appellee)

St. Johns County Board of County Commissioners (Governing Body of Defendant/Counter-Plaintiff/Appellee St. Johns County, Florida)

Stewart, Gregory T. (Counsel for Defendant/Counter-Plaintiff/Appellee)

Tilton, Erin J. (Counsel for Plaintiffs/Counter-Defendants/Appellants)

11th Cir. R. 26.1-2 Certification: The undersigned certifies that this CIP is complete at the time of filing.

11th Cir. R. 26.1-3 Certification: No publicly traded company or corporation has an interest in the outcome of this appeal.

**APPELLEE ST. JOHNS COUNTY, FLORIDA'S**
**MOTION TO DISMISS APPEAL FOR LACK OF JUSTICIABILITY**

Appellee, ST. JOHNS COUNTY, FLORIDA (the "County"), in accordance with Federal Rule of Appellate Procedure 27, respectfully suggests that there has been a material change in circumstances in the status of the parties so as to eliminate any justiciability as to the instant appeal. Specifically, Appellants, Southeast Development Partners, LLC ("SEDP") and Southeast Land Ventures, LLC ("SELV"), no longer have standing to maintain this appeal, and this Court may no longer afford meaningful relief to either Appellant.

**Background**

On September 19, 2016, SEDP filed its application with the County for a large-scale Comprehensive Plan Amendment for the Grand Oaks Planned Unit Development (the "Grand Oaks PUD"). (D.E. 42-3, Hyatt Tr. 35:22–38:3, (Ex. 1)). SEDP's authority to perform such services was pursuant to a Development Services Agreement entered into between SEDP and Day Late Enterprises, Inc. ("Day Late"), who was the owner of the approximately 524 acres to be developed adjacent to State Road 16 (the "Property"). (Id., 25:18–27:17; 33:25–34:11). As part of the application, SEDP was identified as the contract purchaser of the Property pursuant to a separate Purchase and Sale Agreement entered into between SEDP and Day

Late. (Id., 35:22–38:3, (Ex. 1)). With Day Late's authorization, SEDP submitted a proposed mixed-use project, including a maximum of 999 residential units, 100,000 square feet of commercial space, and 50,000 square feet of office space (the "Development Entitlements"). (Id.).

Each Appellant is a single-purpose entity established solely to develop the Grand Oaks PUD, including obtaining entitlements, handling permitting, and coordinating or managing contracting and other development activities. (See D.E. 42-3, Hyatt Tr., 11:25–12:6; 16:15–17:2). Appellants were able to conduct these activities solely as a result of the authority granted to them by Day Late through the Development Services Agreement and the Purchase and Sale Agreement. (See id., 25:18–27:17). Appellants had no independent interest in the Property except pursuant to these agreements.

The Grand Oaks PUD was projected to generate a total of 1,099 new external P.M. peak hour trips and would create significant adverse impacts to several roadway segments, including various segments of State Road 16, the immediate access road for the development. (D.E. 42-17, Ex. 11C). As a result, a Concurrency Agreement and Impact Fee Credit Agreement (the "Concurrency Agreement" or "Agreement") was required to establish Appellants' obligations to mitigate these transportation impacts. (Id.). On September 21, 2018, pursuant to the authorization

granted by Day Late in the Development Services Agreement, SEDP entered into the Concurrency Agreement with the County governing the mitigation of the Grand Oaks PUD transportation impacts. (D.E. 42-18, Ex. 11I). SEDP then assigned all rights and obligations under the Concurrency Agreement to SELV on October 1, 2018. (D.E. 42-18, Ex. 11K).

On March 14, 2023, SEDP filed a civil action against the County in the Circuit Court of the Seventh Judicial Circuit in and for St. Johns County. (D.E. 1-4, pp. 1–85). The action was the result of a dispute between the County and Appellants relating to the interpretation of the Concurrency Agreement, the various obligations of the parties under the Agreement, and whether Appellants had fulfilled those requirements. In responding to the original complaint, the County filed its answer and counterclaim against SEDP, including third-party complaints against SELV and Day Late. (Id., pp. 103–181).

SEDP subsequently filed an Amended Complaint, joining SELV as co-plaintiff on June 26, 2023. (D.E. 5). Appellants sought a declaration that the County's determination that SEDP was in default of the Concurrency Agreement was improper (Count I), asserted claims for breach of contract and injunctive relief (Count II), inverse condemnation (Count III), and violations of due process under 42 U.S.C. § 1983 (Count IV). (Id.). The County timely removed the matter to the

District Court, as the Amended Complaint presented a federal question, thereby providing a sufficient basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (D.E. 1). Day Late moved to dismiss the County's Second Amended Counterclaim as to it on January 17, 2024 (D.E. 33), and the District Court granted the Motion on September 10, 2024 (D.E. 68).

Appellants filed a Motion for Partial Summary Judgment on April 26, 2024. (D.E. 47). The County also filed its Motion for Summary Judgment on April 26, 2024. (D.E. 44). Additionally, the parties filed their respective responses in opposition (D.E. 50, 51), and replies (D.E. 52, 53) to the various motions. The District Court entered its Opinion and Order on September 13, 2024. (D.E. 69). The Opinion and Order denied the Motion for Partial Summary Judgment filed by Appellants and granted the Motion for Summary Judgment filed by the County. Judgment was entered on September 13, 2024. (D.E. 70) (the "Final Judgment").[1] Seven days later, on September 20, 2024, Day Late "terminated its Development

[1] The Opinion and Order and the Final Judgment shall collectively be referred to as the "Final Judgment." In accordance with Federal Rule of Appellate Procedure 27, a copy of the District Court's Opinion and Order (D.E. 69) and Final Judgment (D.E. 70) are included herewith as **Exhibit A**.

Services Agreement with Southeast Development Partners, LLC, its assignee Southeast Land Ventures, LLC, and any and all agents or representative of same ('Southeast') which related to [Day Late's] landholdings in St. Johns County within the Grand Oaks Planned Unit Development." (D.E. 79-1).[2] Thereafter, on October 2, 2024, Day Late also terminated its Purchase and Sale Agreement with Appellants. (Id.). As a result of these terminations, any and all authorizations from Day Late to Appellants as to the Property were suspended and any interest of the Appellants ended. (Id.). In effect, neither Appellant is presently able to continue developing Grand Oaks, and the singular purpose for which each Appellant was created has ceased.

## I. As a Result of the Termination of the Development Services Agreement and Purchase and Sale Agreement, Appellants' Appeal is No Longer Justiciable.

Article III of the United States Constitution limits a federal court's jurisdiction to active "cases" and "controversies." Art. III, § 2, U.S. Const. There are "three strands of the justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. Fla. Bar, 608

[2] A copy of Day Late's notice to the County (D.E. 79-1) is included herewith as **Exhibit B**.

F. 3d 1241, 1247 (11th Cir. 2010) (internal quotations and citation omitted). Under the Article III standard for standing, a party invoking the Court's jurisdiction must establish (1) that they have actually suffered, or imminently will suffer, a concrete and particularized "injury" in fact; (2) that the injury is fairly traceable to the complained-of conduct; and (3) that it is likely as opposed to merely speculative that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (citation omitted); see also Camreta v. Greene, 563 U.S. 692, 701 (2011); Food & Drug Admin. v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024); Murthy v. Missouri, 603 U.S. 43, 57 (2024).

A case or controversy must exist at all stages of review, including appeals. See Va. House of Delegates v. Bethune-Hill, 587 U.S. 658, 662 (2019); Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to afford the plaintiff or appellant meaningful relief, then the case becomes moot and must be dismissed." De La Teja v. United States, 321 F.3d 1357, 1362 (11th Cir. 2003) (internal citation omitted).

The test for standing at the appellate level looks to the injury caused to the Appellants by the lower court's judgment rather than any injury caused by the County. That injury which is traceable to the lower court's judgment must be a

matter that may be redressed by a favorable ruling by this Court. Food Mktg. Inst. v. Argus Leader Media, 588 U.S. 427, 432–33 (2019); Monsanto Co. v. Geertson Seed-Farms, 561 U.S. 139, 149–50 (2010). Standing requires Appellants to demonstrate an injury resulting from the Final Judgment that is redressable through a favorable judgment from this Court. Mootness requires the dismissal of Appellants' appeal whenever intervening circumstances eliminate any of these essential case-or-controversy elements.

The Final Judgment entered by the District Court determined the requirements for the development of the Grand Oaks PUD, as set forth in the Concurrency Agreement, and specifically determined the extent of the transportation mitigation requirements established by the parties in the Concurrency Agreement. The Final Judgment also determined that the Appellants' obligations under the Concurrency Agreement required the construction of the SR 16 Improvements and that this obligation was not limited to any specific cost amount. Further, the District Court determined that the Appellants were in breach of those requirements and that the County may, among other things, halt the further issuance of plat approvals until such obligations are satisfied. As the Appellants no longer hold any interest or rights as to the development, there is no active case or controversy for which this Court may grant to the Appellants any meaningful relief.

Day Late's termination of the Development Services Agreement and the Purchase and Sale Agreement have deprived this Court of the ability to afford meaningful relief to Appellants. Specifically, neither Appellant has a legally cognizable interest in the outcome of this action because they no longer have the legal ability to conduct the singular purpose for which they were created, *i.e.*, developing the Grand Oaks PUD. See Soliman v. United States, ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) ("A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal citation and quotation omitted). Even if this Court determined that the County breached the Concurrency Agreement at issue, and even if this Court determined that the County imposed a monetary exaction with no nexus or proportionality, such determinations would have no practical effect on Appellants. Appellants no longer have any interest in the Grand Oaks PUD nor any right or ability to engage in any development activities related to that development. As Appellants are now barred from developing the Grand Oaks PUD or taking any action related thereto, their requested relief in the present appeal would have no effect. There is nothing for this Court to remedy as to the Appellants, even if it were disposed to do so.

Additionally, to the extent Appellants suggest that they may maintain this appeal so as to not impact or otherwise prejudice other pending litigation, such effort

is insufficient to establish appellate justiciability. As noted above, the Final Judgment was entered by the District Court on September 13, 2024. Seven days later, Day Late terminated its Development Services Agreement, and on October 2, 2024, Day Late terminated the Purchase and Sale Agreement with Appellants. (D.E. 79-1). On November 7, 2024, Day Late initiated a state court action in the Circuit Court in and for St. Johns County, Florida against both Appellants and their principals: Marc Harris and Keith Hyatt. (Case No. 2024-CA-1474). In that new suit, Day Late alleges both Appellants breached the aforementioned Development Services Agreement, the Purchase and Sale Agreement, and a certain promissory note—all related to development of the Grand Oaks PUD. The basis for Appellants' breach, as alleged by Day Late, is the Appellants' breach of the Concurrency Agreement in this action, as explained by the District Court in the Final Judgment. In response, Appellants and their principals have filed answers, defenses, and counterclaims, asserting that Day Late's reliance on the Final Judgment, as a basis for termination, was improper. But, Day Late's declarations of default and corresponding terminations have caused the Development Entitlements, which run with the Property, to revert back to the property owner, Day Late. (See D.E. 42-3, Hyatt Tr., 34:12–35:10).

However, Appellants' interest in avoiding liability or prejudice in the state court action through the Final Judgment does not establish justiciability in their current appeal. Specifically, any impacts from the Final Judgment are indirect harms which this Court may not remedy as to the Appellants. See Food Mktg. Inst. v. Argus Leader Media, 588 U.S. 427, 432–33 (2019) (the injury traceable to the lower court's judgment must be a matter that may be redressed by a favorable ruling by this Court); Monsanto Co. v. Geertson Seed-Farms, 561 U.S. 139, 149–50 (2010). Particularly, Day Late was not a party to the Final Judgment in this matter on appeal, and as such, the issues determined by the Final Judgment entered by the District Court are not *res judicata* as to the parties in the Day Late litigation. There is no identity of the parties in both actions. Under Florida law, "*res judicata* applies where there is: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality [or capacity] of the persons for or against whom the claim is made; and (5) the original claim was disposed on the merits." Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1074 (11th Cir. 2013) (quotation and citation omitted) (alteration in original). As the Final Judgment is not binding on Day Late, any findings by the District Court—*i.e.*, the asserted bases for Day Late's default declarations—are merely persuasive in the state court action.

Additionally, because the Development Entitlement have reverted to Day Late neither Appellant presently retains any interest in the Entitlements. If any entity has an interest in the pending appeal, it is Day Late, who now holds the Development Entitlements. However, Day Late sought and obtained dismissal from District Court (D.E. 33, 68) and has not timely appealed the Final Judgment. While maintaining the present appeal to hopefully benefit Appellants' subsequent state court action may be strategically sound, it does not establish appellate justiciability, and neither Appellant currently has any interest in the Property or the Development Entitlements that are the subject of the District Court's Final Judgment.

Finally, Appellant may suggest that the potential award of attorneys' fees, if the Final Judgment is reversed, may provide a sufficient basis for standing. However, the speculative assertion that an award of attorneys' fees may be available should the Final Judgment be reversed is insufficient to establish the requisite case and controversy. Lewis v. Continental Bank Corp, 494 U.S. 472, 480 (1990). The interest in attorneys' fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. Diamond v. Charles, 476 U.S. 54, 70–71 (1986). "Where on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary judicial

pronouncements on even constitutional issues obtained, solely in order to obtain reimbursement of sunk costs." Lewis, 494 U.S. at 480.

In essence, Appellants ask this Court to engage in an intellectual exercise and render an impermissible advisory opinion on a now hypothetical set of facts upon which they no longer have an interest. Federal Courts have "no authority to give opinions upon such hypothetical or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before [them]," no matter where the case is in the proceedings. Christian Coal. of Fla., Inc., 662 F.3d at 1189 (quotation omitted).

## Conclusion

Appellants no longer have standing to continue with the appeal as a result of the actions of Day Late in terminating the Development Services Agreement and the Purchase and Sale Agreement. There is no longer a justiciable issue for the Court to determine. Based upon the change in circumstances governing Appellants' interest in the Development Entitlements and the Appellants' ability to conduct the singular purpose for which they were created, this Court may not afford either Appellant any meaningful relief. As such, St. Johns County respectfully requests that this Court dismiss the appeal.

Respectfully submitted,

/s/ *Gregory T. Stewart*
GREGORY T. STEWART
Florida Bar No. 203718
MATTHEW R. SHAUD
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 (Facsimile)
gstewart@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

**ATTORNEYS FOR APPELLEE**
**ST. JOHNS COUNTY, FLORIDA**

**CERTIFICATE OF CONFERRAL**

In accordance with Eleventh Circuit Rules 26-1 and 27-1(a)(5), undersigned counsel has conferred with counsel for Appellants, Southeast Development Partners, LLC and Southeast Land Ventures, LLC. Appellants oppose this Motion, and Appellants intend to file a response.

/s/ *Gregory T. Stewart*
GREGORY T. STEWART

**CERTIFICATE OF COMPLIANCE AS TO WORD COUNT**

This Motion complies with the type-volume limitations of Federal Rules of Appellate Procedure 27(d) and 32(c) because this Motion contains 2,771 words, excluding the elements of the Motion exempt by Federal Rule of Appellate Procedure 32(f).

**CERTIFICATE OF COMPLIANCE AS TO TYPEFACE**

This Motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27, 32(a)(5), 32(a)(6), and 32(c) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font.

/s/ *Gregory T. Stewart*
GREGORY T. STEWART

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 24, 2025, I electronically filed this Motion through the Court's CM/ECF System, which will send a notice of docketing activity to all counsel of record, including counsel for Appellants listed below. All participants in this case are registered CM/ECF users.

Service List:

Glenn Burhans, Jr.
Liz Desloge Ellis
Erin J. Tilton
Stearns Weaver Miller Weissler
Alhadeff & Sitterson, P.A.
106 E. College Avenue, Suite 700
Tallahassee, Florida 32301
gburhans@stearnsweaver.com
lellis@stearnsweaver.com
etilton@stearnsweaver.com
**Counsel for Appellants,**
**Southeast Development Partners, LLC**
**and Southeast Land Ventures, LLC**

/s/ *Gregory T. Stewart*
GREGORY T. STEWART